# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| EVENFLO COMPANY, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>VEER GEAR LLC, a Georgia Limited Liability Corporation,<br><br>    Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY

Plaintiff, Evenflo Company, Inc. ("Evenflo"), for its complaint against Veer Gear LLC ("Veer"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity of a United States patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and the United State Patent Law, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

## PARTIES

2. Plaintiff Evenflo is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 225 Byers Road Miamisburg OH 45342.

2

3. Evenflo is a juvenile products leader and makes and sells, among other things, strollers and car seats.

4. On information and belief, Defendant Veer is a limited liability corporation organized and existing under the laws of the State of Georgia and has its principal place of business at 95 Colonial Lane, Milton, GA 30004.

## JURISDICTION AND VENUE

5. Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

6. This is an action for declaratory judgment under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Veer based on, inter alia, Veer's conduct in the state of Ohio related to its accusations of infringement by Evenflo of US Pat. Nos. 10,077,062 (the "'062 Patent") and 10,507,85 (the "'857 Patent) (collectively, the "Asserted Patents").

9. Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

10. Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

2

11. The '062 Patent is titled, "Wagon with adapter for installing child seat," is assigned to Veer, and issued on September 18, 2018. A true and correct copy of the '062 Patent is attached as Exhibit 1.

12. The '857 Patent is titled, "Wagon with collapsible footwell and position locking handle," also is assigned to Veer, and issued on December 17, 2019. A true and correct copy of the '857 Patent is attached as Exhibit 2.

13. On or about December 18, 2019, Evenflo received a letter from IP ISC Patent Insurance, sent on behalf of Veer, alleging that the Evenflo Pivot Xplore product (the "Accused Product") "incorporated technology" in the Asserted Patents and instructed Evenflo to review the Accused Product vis-à-vis infringement of the Asserted Patents. The letter was addressed to Mr. William Gross Executive VP, located at 225 Byers Road, Miamisburg, Ohio 45342-3614. A true and correct copy of the letter received by Evenflo is attached as Exhibit 3.

14. On January 7, 2020, Evenflo received a letter from Joshua P. Pond at Kilpatrick Townsend, sent on behalf of Veer, alleging that the Accused Product "falls within the scope of one or more claims" of the '857 Patent and that the Accused Product, in combination with the "Pivot Xplore Second Seat" and the "Car Seat Adapter," "each fall within the scope of one or more claims of the '062 Patent." The letter stated that Veer was "putting Evenflo on notice of its infringement" and requested that Evenflo "cease and desist from making, using, offering for sale, and selling of products in the United States that infringe" the '857 Patent. The letter further requested that Evenflo confirm that it would refrain from selling products that infringe the '062 Patent including the Pivot Xplore Second Seat and the Car Seat Adapter. With the letter were claim charts reading one claim of each of the '062 Patent (claim 1, including the aforementioned adapters,) and the '857 Patent (claim 1, erroneously referred to as claim 5) on the Accused

Product.  The letter was addressed to the Evenflo CEO, Jon Chamberlain, at 225 Byers Road, Miamisburg, OH 453242.  A true and correct copy of the letter as received by Evenflo is attached as Exhibit 4.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,077,062

15. Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

16. Claim 1 of the '062 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including but not limited to Sections 102 and 103.

17. More specifically, Claim 1 of the '062 Patent is invalid under 35 U.S.C. § 102 and/or 103 for reasons including, but not limited to, the disclosure of U.S. Pat. No. 7,992,882 issued on August 9, 2011 to Brenda D. Engelman ("the Engelman Reference") a true and correct copy of which is attached hereto with a corresponding claim chart as Exhibit 5.

18. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19. A judicial declaration is necessary and appropriate so that Evenflo may ascertain its rights regarding the '062 Patent.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,507,857

20. Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

21. Clam 1 of the '857 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including but not limited to Sections 102 and 103 for at least the reasons set forth herein.

22. More specifically, Claim 1 of the '857 Patent is invalid under 35 U.S.C. § 102 and/or 103 for reasons including, but not limited to, the disclosure of U.S. Publication No. US 2010/0156069 published on June 24, 2010 by Zhaosheng Chen ("the Chen Reference") a true and correct copy of which is attached hereto with a corresponding claim chart as Exhibit 6.

23. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. A judicial declaration is necessary and appropriate so that Evenflo may ascertain its rights regarding the '857 Patent.

4842-2517-8802.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court enter judgment in favor of the Plaintiff granting the following relief:

A. Entry of judgment that claim 1 of the '062 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102 and/or 103.

B. Entry of judgment that claim 1 of the '857 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102 and/or 103.

C. An order declaring that this is an exceptional case and awarding Evenflo its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law.

D. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Evenflo demands a trial by jury for all issues so triable.

4842-2517-8802.1

Dated: January 27, 2020                          Respectfully submitted,

/s/John M. Mueller
BAKER HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074
(513) 929 – 3413
jmueller@bakerlaw.com

*Attorney for Plaintiff*
*Evenflo Company, Inc.*

4842-2517-8802.1